

1  Daniel J. O'Rielly (State Bar No. 214846)
   Spiros E. Fousekis (State Bar No. 260387)
2  **O'RIELLY & ROCHE LLP**
   4 Embarcadero Center, Suite 1400
3  San Francisco, California 94111
   Telephone: (415) 952-3002
4  Facsimile: (415) 520-9394

5  Attorneys for Defendant
   GE CAPITAL RETAIL BANK (Erroneously sued as
6  "GENERAL ELECTRIC CAPITAL CORPORATION")

7



8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12

13  MARLON MONTOYA,                        Case No. **C13- 4612**

14              Plaintiff,                 **NOTICE OF REMOVAL OF ACTION
                                           UNDER 28 U.S.C. § 1441(b)**
15
                                           **(FEDERAL QUESTION JURISDICTION)**
16          v.

17  GENERAL ELECTRIC CAPITAL               Contra Costa County Superior Court Case No.:
    CORPORATION,                           CIVMSL13-03921
18
                Defendant.
19

20

21

22

23

24       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

25  DISTRICT OF CALIFORNIA, OAKLAND DIVISION, AND TO PLAINTIFF AND HIS

26  ATTORNEYS OF RECORD HEREIN:

27       PLEASE TAKE NOTICE that Defendant GE CAPITAL RETAIL BANK (Erroneously sued

28  as "GENERAL ELECTRIC CAPITAL CORPORATION") ("Defendant") hereby removes to this

1  Court the state court action described below, which is presently pending in the Superior Court of the

2  State of California in and for the County of Contra Costa.  This removal is made pursuant to 28

3  U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal of this state court action to federal court

4  are provided below.

5  **I.  PROCEDURAL BACKGROUND**

6      1.  On June 19, 2013, Plaintiff Marlon Montoya ("Plaintiff") filed a Complaint in Contra

7  Costa County Superior Court against General Electric Capital Corporation ("Defendant").

8      2.  Plaintiff served Defendant with the Complaint on September 6, 2013.

9      3.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct

10  copy of all records and proceedings from the state court.

11  **II.  NOTICE OF REMOVAL IS TIMELY**

12      4.  This Notice is timely filed pursuant to 28 U.S.C. §1446(b).

13      5.  As noted above, Defendant was served with Plaintiff's Complaint on September 6,

14  2013.

15      6.  The instant removal was filed on October 4, 2013.  Therefore, this Notice of Removal

16  is timely because it is filed within thirty (30) days of September 6, 2013, the date on which

17  Defendant was served with Plaintiff's Complaint.

18  **III.  GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

19      7.  Plaintiff's state court action alleges causes of action for violations of the federal Fair

20  Credit Reporting Act, 15 U.S.C. § 1681.  (*See* Exhibit A.)  Accordingly, this Court has original

21  jurisdiction of this action under 28 U.S.C. § 1331 because the action is one that is founded on a claim

22  or right "arising under the Constitution, laws, or treaties of the United States."  Thus, this action may

23  be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) based on federal question

24  jurisdiction.

25      8.  In addition, this Court has supplemental jurisdiction over all of Plaintiff's non-federal

26  claims pursuant to 28 U.S.C. § 1367.

27  **IV.  REMOVAL TO THIS DISTRICT IS PROPER**

28      9.  Removal to this Court is proper because the Superior Court of the State of California,

-2-
NOTICE OF REMOVAL

1  County of Contra Costa, where this action was originally filed, is located within this judicial district.

2  **V.    MISCELLANEOUS**

3      10.    Counsel for Defendant certifies that they will file a copy of this Notice of Removal

4  with the Clerk of the Superior Court of the State of California, County of Contra Costa, and give

5  notice of same to Plaintiff's counsel.

6  **VI.    NON-WAIVER OF DEFENSES**

7      11.    Defendant expressly reserves all of its defenses and deny any liability in this matter.

8  Defendant further denies that Plaintiffs or any consumer have been injured in any way.

9

10      WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446(b), Defendant removes this case

11  from the Superior Court of California for Contra Costa County to the United States District Court for

12  the Northern District of California, Oakland Division.

13

14  Dated: October 4, 2013                      Respectfully submitted,

15                                           **O'RIELLY & ROCHE LLP**

16

17

18                                           By: _____
                                                    Daniel J. O'Rielly
19

20                                           Attorneys for Defendant
                                             GE CAPITAL RETAIL BANK (Erroneously
21                                           sued as "GENERAL ELECTRIC CAPITAL
                                             CORPORATION")
22

23

24

25

26

27

28

-3-
NOTICE OF REMOVAL

9/6/13
2:26PM
AP

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

GENERAL ELECTRIC CAPITAL CORPORATION

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

MARLON MONTOYA



FILED

2013 JUN 19  P 5: 20

K. TORRE CLERK OF THE SUPERIOR COURT
COURT OF CONTRA COSTA, CALIF.

BY_____
E. TECSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es:) Superior Court of Contra Costa | CASE NUMBER: (Número del Caso): C 13 - 03921 |
|---|---|

725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

| DATE: (Fecha) JUN 19 2013 | Clerk, by (Secretario) E. TECSON | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **GENERAL ELECTRIC CAPITAL CORPORATION**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date):  9-6-13

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Americas LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

CIVMSL13-03921 Actions - Martinez Civil                    http://icms.cc-courts.org/iotw/CIVIL/CivilDetails.asp?courtco...



# Actions



**Home**   **Complaints/Parties**   **Actions**   **Minutes**   **Pending Hearings**   **Case Report**   **Images**

Open Quick Search

## Case CIVMSL13-03921 - MONTOYA VS GENERAL ELECTRIC

Move To This Date

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 11/07/2013 8:30 AM DEPT. 33 | CASE MANAGEMENT CONFERENCE - Minutes | | |
| | 09/19/2013 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 06/19/2013 OF MARLON MONTOYA AS TO GENERAL ELECTRIC CAPITAL CORPORATION WITH SERVICE DATE OF 09/06/13 | Not Applicable | N/A |
| | 08/23/2013 7:00 AM DEPT. 33 | CHECK FOR PROOF OF SERVICE | VACATED | |
| | 06/19/2013 | COLOR OF FILE IS RED | Not Applicable | |
| | 06/19/2013 | ORIGINAL SUMMONS ON COMPLAINT FILED 06/19/2013 OF MARLON MONTOYA FILED | Not Applicable | N/A |
| | 06/19/2013 | CASE ENTRY COMPLETE | Not Applicable | |
| | 06/19/2013 | CLERK`S TICKLER TO CHECK FOR PROOF OF SERVICE WAS SET FOR 8/23/13 AT 7:00 IN DEPT. 33 | | |
| | 06/19/2013 | CASE MANAGEMENT CONFERENCE WAS SET FOR 11/07/13 AT 8:30 IN DEPT. 33 | | |
| | 06/19/2013 | CASE HAS BEEN ASSIGNED TO DEPT. 33 | | |
| | 06/19/2013 | COMPLAINT FILED; SUMMONS IS ISSUED | Not Applicable | |

1  Todd M. Friedman (216752)
2  Nicholas J. Bontrager (252114)
   Suren N. Weerasuriya (278512)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
7  sweerasuriya@attorneysforconsumers.com
8  Attorney for Plaintiff

FILED

2013 JUN 19  P 5: 20

X. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

E. TECSON

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT. 33

SUMMONS ISSUED

9
10        SUPERIOR COURT OF THE STATE OF CALIFORNIA
              FOR THE COUNTY OF CONTRA COSTA
11                   LIMITED JURISDICTION
12
                                        )   CASE NO.:  L 13 - 03921
13  MARLON MONTOYA,                     )
                                        )   COMPLAINT
14                 Plaintiff,           )
                                        )   1.  Violation of Rosenthal Fair Debt
15  -vs-                                )       Collection Practices Act
                                        )
16                                      )   2.  Violation of Fair Credit Reporting
17  GENERAL ELECTRIC CAPITAL            )       Act
    CORPORATION,                        )
18                                      )   (Amount Not to Exceed $10,000)
19                 Defendant.           )
                                        )
20
21                         I. INTRODUCTION

22      1.  This is an action for damages brought by an individual consumer for Defendant's

23  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq.

24
25  (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive,

26  and unfair practices and for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C.

27  §1681 (hereinafter "FCRA"), which regulates the collection, dissemination, and use of consumer

28  information, including consumer credit information.

1
COMPLAINT

## II. PARTIES

2.      Plaintiff, MARLON MONTOYA("Plaintiff"), is a natural person residing in Contra Costa County in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3.      At all relevant times herein, Defendant, GENERAL ELECTRIC CAPITAL CORPORATION ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA..   .

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.  Defendant alleges that Plaintiff's alleged outstanding debt is in "charge-off" status, although it was discharged in bankruptcy.

5.      On or about May 27, 2010, Plaintiff filed a Chapter Seven (7) bankruptcy claim which included any alleged outstanding debt owed to Defendant. This debt was discharged through Plaintiff's bankruptcy proceedings, on or about August 23, 2010. However, as of the summer of 2012, Defendant had not updated Plaintiff's Credit History to reflect the fact that the debt was discharged in bankruptcy. Rather, Plaintiff's credit report stated that the account in question was in "charge-off" status as of January 2010.

6.      Thus, on or about July 15, 2012, Plaintiff submitted a disputed with the credit bureaus, explaining that this debt and the related account in question were in fact discharged via bankruptcy. However, Defendant failed to update Plaintiff's credit report to reflect as such.

**2**
**COMPLAINT**

1    7.    §1788.17 of the RFDCPA mandates that every debt collector collecting or

2  attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to

3  1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the

4
   United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and
5
6  §1692d(5).

7    8.    Defendant's conduct violated the RFDCPA in multiple ways, including but not

8  limited to:

9

10

11        a) Falsely representing the character, amount, or legal status of
             Plaintiff's debt (§1692e(2)(A));
12

13        b) Communicating or threatening to communicate credit information
14           which is known or which should be known to be false (§1692e(8));

15        c) Using false representations and deceptive practices in connection
16           with collection of an alleged debt from Plaintiff (§1692e(10).

17   9.    Further, Defendant has been providing derogatory and inaccurate statements and

18  information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies,

19  as that term is defined by 15 U.S.C. 1681a(f).

20
     10.    Defendant is aware that the credit reporting agencies to which they are providing
21
22  this information are going to disseminate this information to various other persons or parties who

23  will be reviewing this information for the purpose of extending credit, insurance or employment.

24   11.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit

25  repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit

26
   worthiness.
27

28

12. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b. Decreased credit score which may result in inability to obtain credit on future attempts.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

16. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

17. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

18.    Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

19.    As a result of the above violations of the RFDCPA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiff reincorporates by reference all of the preceding paragraphs.

21.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT

22.    Plaintiff reincorporates by reference all of the preceding paragraphs.

23.    To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

1    **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

3    Defendant for the following:

4

5        A.    Actual damages;
6        B.    Statutory damages for willful and negligent violations;
         C.    Costs and reasonable attorney's fees; and,
7        D.    For such other and further relief as may be just and proper.

8

9        **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

10   Respectfully submitted June 14, 2013.

11

12                              By:
13                                  Todd M. Friedman, Esq.
14                                  Law Offices of Todd M. Friedman, P.C.
                                    Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Todd M. Friedman, Esq. SBN 216752 Law Offices of Todd M. Friedman 369 S. Doheny Dr. #415 Beverly Hills, CA 90212  TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228 ATTORNEY FOR (Name): Plaintiff, Marlon Montoya | FILED |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

2013 JUN 19  P 5: 20

K. TORRE CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF
BY:

E. TECSON

CASE NAME:
Marlon Montoya v. General Electric Capital Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | L 1 3 – 0 3 9 2 1 |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 14, 2013

Todd M. Friedman
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code), (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller
    - Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

MONTOYA VS GENERAL ELECTRIC

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSL13-03921

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  11/07/13        DEPT:  33        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.
                                        E. TECSON
Dated:  08/28/13        _____
                                E. TECSON, Deputy Clerk

### Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS
In Limited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-659b)
   e. Blank: Case Management Statement (Judicial Council form CM-110)
   f. Blank: Issue Conference Statement (Local Court Form CV-659c)
   g. Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)
   h. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-659e)

> You may also fill out a Case Questionnaire for Limited Civil Cases (Judicial Council form DISC-010) to help organize your case information. If you do, then you must serve the completed form and a blank copy of the form on the defendant(s). Be sure to keep copies of everything you have served. You do not file this form at court.

2. **Within 60 days of the date you filed the complaint you must prove that the forms have been served on (delivered to) the defendants correctly by filing the *Proof of Service* form (POS-010)** (completed by the person who did the service) with the court

3. **Go to the case management conference on the date indicated on The Notice of Case Management Conference.**

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute. All parties must answer questions about ADR on the *Case Management Statement* form.** For more information, see the enclosed ADR information, visit www.cc-courts.org/adr or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

Local Court Form - Information/Instructions
CV-659a Rev 07/25/07 Packet Revised 7/1/11

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
### In Limited Jurisdiction Civil Actions

YOU ARE BEING SUED. The packet you have been served should contain:

a. The Summons
b. The Complaint
c. The Notice of Case Management Conference (shows hearing date and time)
d. Blank: Case Management Statement   (Judicial Council Form CM-110)
e. Blank: Issue Conference Statement    (Local Court Form CV-659c)
f. Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)
g. Alternative Dispute Resolution (ADR) Information sheet   (Local Court Form CV-659e)
h. Blank Case Questionnaire for Limited Civil Cases    (Judicial Council Form DISC-010)
   NOTE: If the plaintiff served a completed *Case Questionnaire* together with the blank form, you must fill out the blank form and serve it on the plaintiff.

---

 **WHAT DO I DO NOW?** 

### You must:

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, If you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement (CM-110)***

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040),* that must be filed at the court within 60 days.

5. **Go to court**   on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:　　　　　FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE  ☐ LIMITED CASE | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:　　　　　Time:　　　　　Dept.:　　　　　Div.:　　　　　Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
CASE MANAGEMENT STATEMENT
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. b. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ► _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

_____ ► _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## DO NOT FILE WITH THE COURT
### THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT

**DISC-010**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| PLAINTIFF *(Name):* | CASE NUMBER |
| DEFENDANT *(Name):* | |

### CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
### (Under $25,000)

REQUESTING PARTY *(Name):*

RESPONDING PARTY *(Name):*

### —INSTRUCTIONS—

A. The purpose of the case questionnaire is to help the parties settle their differences without spending a lot of money. This is accomplished by exchanging information about the case early in the lawsuit. The exchange of case questionnaires may be started only by a plaintiff (or cross-complainant) in a limited civil case. The case questionnaire is optional, and if plaintiff (or cross-complainant) exercises the option, only this form may be used.

B. Instructions for plaintiffs (and cross-complainants)

  1. Under Code of Civil Procedure section 93, a plaintiff (or cross-complainant) may serve a completed case questionnaire and a blank questionnaire with a complaint (or cross-complaint).

  2. This is the only way you can require defendants (or cross-defendants) to serve you with a completed case questionnaire.

C. Instructions for defendants (and cross-defendants)

  1. If you have been served with a completed case questionnaire by a plaintiff (or cross-complainant), then you must fill in the blank case questionnaire. Your completed case questionnaire must be served on that same plaintiff (or cross-complainant) with your answer to the complaint (or cross-complaint).

  2. THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT.

D. Instructions for all parties

  1. ALL QUESTIONS REFER TO THE INCIDENT OR AGREEMENT IN THIS LAWSUIT ONLY.

  2. Answer each question. If a question is not applicable, answer "NA."

  3. Your answers are not limited to your personal knowledge, but you are required to furnish information available to you or to anyone acting on your behalf, whether you are a plaintiff, defendant, cross-complainant, or cross -defendant.

  4. Type or legibly print your answer below each question. If you cannot completely answer a question in the space provided on the case questionnaire, check the "attachment" box and put the number of the question and the complete answer on an attached sheet of paper or form MC-025. You should *not* put part of an answer on the case questionnaire and part on the attachment. You may put more than one answer on each attached page.

  5. When you have completed the case questionnaire, sign the verification and serve the original.

  6. You may compel compliance with these requirements under Code of Civil Procedure section 93.

  7. DO NOT FILE THIS CASE QUESTIONNAIRE WITH THE COURT.

Form Adopted for Mandatory Use
Judicial Council of California
DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
(Under $25,000)**

Page 1 of 1
Code of Civil Procedure, § 93
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**DO NOT FILE WITH THE COURT**                    **DISC-010**

| · PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

1. f. Describe each item of physical evidence that relates to the issues and facts; give its location; and state the name, street address, and telephone number of each person who has it.

☐ See attachment for answer number 1f.

g. State the name and street address of each insurance company and the number of each policy that may cover you in whole or part for the damages claimed.

☐ See attachment for answer number 1g.

2. FOR PERSONAL INJURY OR PROPERTY DAMAGE CASES

a. Describe each injury or illness that you received and your present complaints about each.

☐ See attachment for answer number 2a.

b. State the name, street address, and telephone number of each physician, dentist, or other health care provider who treated or examined you; the type of treatment; the dates of treatment; and the charges by each to date.

☐ See attachment for answer number 2b.

c. Itemize the medical expenses you anticipate in the future.

☐ See attachment for answer number 2c.

d. Itemize your loss of income to date, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2d.

DISC-010 [Rev. January 1, 2007]   **CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**   Page 3 of 4
**(Under $25,000)**

|  | | FOR CCURT USE ONLY |
|---|---|---|
| **ATTORNEY/PRO PER FOR:** | | |
| *Superior Court of California, County of Contra Costa*<br>☐ CONCORD ☐ MARTINEZ ☐ PITTSBURG ☐ RICHMOND ☐ WALNUT CREEK | | |
| **PLAINTIFF:** | | |
| **DEFENDANT:** | | |
| **ISSUE CONFERENCE STATEMENT** | **CASE NUMBER:** | |
| DATE: | DEPARTMENT: | TIME: |

Please provide a brief narrative statement regarding the following:

1) Description of your claims or defenses and facts and law on which they are based. Include extent of injuries, contentions regarding liability, any unusual evidentiary or legal issues anticipated at trial, and all matters of fact believed by any party to be appropriate for stipulation.

2) All witness lists, which includes a brief statement of anticipated testimony.

3) Has previously stated estimated length of trial changed? If yes, what is the estimated length of trial?

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

Plaintiff(s) / Cross Plaintiff(s)

vs.

Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation_
### _(Limited Jurisdiction Civil Cases)_

CASE NO.: _____

---

▸ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SIGN AND FILE THIS FORM AND THEIR CASE MANAGEMENT STATEMENTS AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.

▸ PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION TO THE ADR OFFICE:
FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
    a. The parties have agreed to ADR as follows:
        i.   ☐ Mediation   (☐ Court-connected   ☐ Private)
        ii.  ☐ Arbitration   (☐ Judicial Arbitration (non-binding)   ☐ Private (non-binding)   ☐ Private (binding))
        iii. ☐ Neutral case evaluation
    b. The ADR neutral shall be selected by (date): _____ (no more than 14 days after filing this form)
    c. ADR shall be completed by (date): _____ (no more than 90 days after filing this form)

2. The parties will complete the following discovery plan:
    a. ☐ Written discovery:   (☐ Additional page(s) attached)
        i.   ☐ Interrogatories to: _____
        ii.  ☐ Request for Production of Documents to: _____
        iii. ☐ Request for Admissions to: _____
        iv.  ☐ Independent Medical Evaluation of: _____
        v.   ☐ Other: _____
    b. ☐ Deposition of the following parties or witnesses:   (☐ Additional page(s) attached)
        i.   _____
        ii.  _____
        iii. _____
    c. ☐ No Pre-ADR discovery needed

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
|---|---|---|---|
| | | | |
| Signature | | Signature | |
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| | | | |
| Signature | | Signature | |

---

**THIS SECTION WILL BE COMPLETED BY THE COURT CLERK ONLY.**

The Case Management Conference set for _____ is vacated and rescheduled for _____ at:
☐ 8:30 a.m.   ☐ 1:30 p.m.   ☐ _____

PLAINTIFF / PLAINTIFF'S COUNSEL MUST NOTIFY ALL PARTIES OF THE CASE MANAGEMENT CONFERENCE.

Local Court Form – Mandatory
CV-655d Rev 12/2008

Local Court Rules, Rule 5 (h)(1)(a)(6)



## CONTRA COSTA COUNTY SUPERIOR COURT
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 3.900-3.910 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787